## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| JEREMY BIGWOOD | ) | |
| 3200 16th St. NW #806 | ) | |
| Washington, DC 20010 | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Case No. _____ |
|  | ) | |
| DEFENSE INTELLIGENCE AGENCY | ) | |
| Washington, D.C. 20340-5100 | ) | |
|  | ) | |
| Defendant. | ) | |

_____)

## COMPLAINT

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 USC Section 552, and

the Administrative Procedure Act ("APA"), 5 U.S.C. Section 500 et seq., as amended,  to order the

production of records relating to paramilitary leader Carlos Castaño.

2.      The requested records in Paragraph 1 above will contribute significantly to public

understanding of the operations or activities of the government with respect to the nation of

Colombia, which is the subject of a large United States security assistance program.

3.      This Court has jurisdiction over this action pursuant to 5 USC § 552(a)(4)(B) and 5 U.S.C.

§§ 702 and 706 .

4.      Plaintiff JEREMY BIGWOOD is an investigative journalist who resides in Washington,

D.C. and is working on a research and publishing project on the subject matter of this request.

5.      Defendant DEFENSE INTELLIGENCE AGENCY ("DIA") is an agency of the United

States government, and has possession and control over the records that Plaintiff seeks.

## COUNT ONE – FREEDOM OF INFORMATION ACT

6.      By letter dated April 23, 2001, Plaintiff requested from Defendant DIA any and all records concerning paramilitary leader Carlos Castaño.  Plaintiff requested that the search include Defense Attaché Offices of the relevant U.S. embassies in Latin America, as well as a search of the DIA's D.H.S. branch.  Plaintiff also requested that the DIA search for "documents, coded messages, cables, photographs, briefing cables, memoranda, email, affidavits, charts or maps, transcribed or electronically recorded correspondence or conversation (including, but not limited to: mail, telephones, computers, and radio), regardless of media."  Plaintiff requested a public interest waiver of search and copying fees, and a waiver of copying fees based on his status as a representative of the news media.

7.      By letter dated April 26, 2001, the DIA acknowledged receipt of Plaintiff's FOIA request, advised Plaintiff there would be a delay in processsing it, and also advised him "we will process your request as soon as possible."

8.      By letter dated December 16, 2004, the DIA advised Plaintiff it had located in excess of 4000 documents that may be responsive to his request.

9.      By letter dated March 14th, 2005, not having received any documents from the DIA, Plaintiff amended his FOIA request to also request expedited processing under 5 USC § 552(a)(6)(E).

10.     By letter dated March 28, 2005, Plaintiff's request for expedited processing was denied.

11.     By letter dated April 25th, 2005, Plaintiff appealed the DIA's adverse decision on expedited processing.  On September 2, 2005, this appeal was denied.

12.     By letter dated July 2, 2006, the undersigned attorney wrote to the DIA requesting a release schedule and Vaughn index be produced.  The DIA did not reply to this letter.

13.     Between November, 2006 and July, 2008, Plaintiff received correspondence from the U.S. State Department, Coast Guard, Air Force, Dept. of Defense, U.S. Transportation Command, and the Drug Enforcement Administration indicating that those agencies had received records referred to them by the DIA for processing.   A total of approximately 62 records were referred this way. Some records were released with redactions, and others withheld in their entirely.

14.     However, Defendant DIA has never released any records directly to Plaintiff, cited any FOIA exemptions, or said whether it would grant or deny his request.   Defendant DIA has wrongfully withheld most of the approximately 4000 records it has located.

15.     Defendant DIA has never substantively replied to Plaintiff's FOIA request, and Plaintiff has exhausted his administrative remedies.

## CLAIM TWO - ADMINISTRATIVE PROCEDURE ACT

16.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

17.     Plaintiff is entitled to judicial review, pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 702, 706, of Defendant DIA's actions concerning its unlawful policies and practices regarding the processing of records requested by Plaintiff through the Freedom of Information Act.

18.     Defendant's actions are arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law.

## CLAIM THREE - DECLARATORY JUDGMENT ACT

19.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

20.     Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a declaratory judgement that Defendants have violated the FOIA by failing to provide all records responsive to Plaintiff's FOIA requests prior to filing this action.

21.     Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a declaratory judgement that Defendants violated FOIA by failing to conduct an adequate search for documents requested by Plaintiff in his FOIA requests.

WHEREFORE, the Plaintiff prays that this Court:

1.     Declare that the Defendant violated the FOIA by failing to provide Plaintiff with the 4000 records it has located.

2.     Declare that the Defendant violated the FOIA by failing to demonstrate that it has performed an adequate search for records.

3.     Declare that Defendant's determination in denying Plaintiff's request for expedited processing was arbitrary and capricious, an abuse of discretion or otherwise not in accordance with law.

4.     Declare that Plaintiff is entitled to a waiver of all search and copying fees in connection with this request.

5.     Enjoin the DIA to process Plaintiff's FOIA request on an expedited basis.

6.     Enjoin the DIA to perform an adequate search for records.

7.     Enjoin the Defendant to immediately release the 4000 records it has located, after properly applying FOIA exemptions.

8.     Award Plaintiff his costs and reasonable attorney's fees in this action; and

9.     Grant such other and further relief as the Court may deem just and proper.

August 18, 2008                    Respectfully submitted,


                                   /s/


                                   _____

                                   Paul Wolf
                                   DC Bar #480285
                                   PO Box 11244
                                   Washington DC 20010
                                   (202) 674-9653
                                   (202) 364-6188 (fax)

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

*I* *08-1431*
*RMU*

## I. (a) PLAINTIFFS

*Jeremy Bigwood*

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF *D.C.*
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

*U.S. Defense Intelligence Agency*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT *D.C.*
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TR

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
*Paul Wolf* *PO Box 11244*
*Washington DC 20008-1244*

AT

Case: 1:08-cv-01431
Assigned To : Urbina, Ricardo M.
Assign. Date : 8/18/2008
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government Plaintiff

☒ 3 Federal Question *PW*
(U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

□ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

□ **A. Antitrust**

□ 410 Antitrust

□ **B. Personal Injury/ Malpractice**

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

□ **C. Administrative Agency Review**

□ 151 Medicare Act

**Social Security:**
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

**Other Statutes**
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

□ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

□ **E. General Civil (Other) OR** □ **F. Pro Se General Civil**

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 85 Property Damage Product Liability

**Bankruptcy**
□ 22 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Immigration**
□ 462 Naturalization Application
□ 463 Habeas Corpus- Alien Detainee
□ 465 Other Immigration Actions

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant

□ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.

□ 460 Deportation
□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

*3*

| G. Habeas Corpus/ 2255 | H. Employment Discrimination | I. FOIA/PRIVACY ACT | J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. Labor/ERISA (non-employment) | L. Other Civil Rights (non-employment) | M. Contract | N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Freedom of Information Act 5 U.S.C. §552

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS   ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES   ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☒ NO   If yes, please complete related case form.

**DATE** 8/18/08   **SIGNATURE OF ATTORNEY OF RECORD**

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

forms/js-44.wpd

