UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JEREMY BIGWOOD, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-1431 (RMU) |
| | : | | |
| v. | : | Re Document Nos.: | 17, 20, 23 |
| | : | | |
| DEFENSE INTELLIGENCE AGENCY, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

GRANTING THE DEFENDANT'S MOTIONS TO DISMISS; DENYING AS MOOT THE DEFENDANT'S
MOTIONS IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT; DENYING THE
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the court on the defendant's motions[1] to dismiss or, in the alternative, for partial summary judgment and the plaintiff's cross-motion for summary judgment. This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, and the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, and concerns the defendant's processing of the plaintiff's requests for records relating to Colombian paramilitary leader Carlos Castaño. Because the court concludes that the plaintiff's FOIA claims are time-barred and because the plaintiff concedes the dismissal of his APA and DJA claims, the court grants the defendant's motions to dismiss,

---

[1] The defendant filed two motions. At the time of the filing of the first motion, U.S. Army Intelligence and Security Command ("USAINSCOM") had not submitted a *Vaughn* index or declaration. *See* Def.'s Mot. to Dismiss ("Def.'s Mot.") at 1 n.1. When the defendant received the relevant declaration from USAINSCOM, it filed a secondary motion. *See* Def.'s 2d Mot. to Dismiss. The defendant's arguments for dismissal are identical, *compare* Def.'s Mot. at 5-8, *with* Def.'s 2d Mot. to Dismiss at 5-7; thus, for clarity, the court will cite only to the defendant's first motion.

denies as moot the defendant's motions in the alternative for partial summary judgment and denies the plaintiff's cross-motion for summary judgment.

## II. FACTUAL & PROCEDURAL BACKGROUND[2]

On April 23, 2001, the plaintiff submitted a FOIA request ("the 2001 request" or "the initial request") to the defendant seeking "any and all records relating to paramilitary leader Carlos Castaño." Compl. ¶ 6. The defendant sent the plaintiff a letter dated April 26, 2001, acknowledging receipt of the request, *id*. ¶ 7, but it was not until December 16, 2004 that the defendant notified the plaintiff that a preliminary search had located over 4,000 potentially responsive documents, *id.* ¶ 8, and asked that the plaintiff consider narrowing the scope of his request, Pl.'s Cross-Mot. at 2. The plaintiff declined to narrow his request. *Id*. Having received no documents by March 14, 2005, the plaintiff submitted a request ("the 2005 submission") for expedited processing of his initial request. Compl. ¶ 9. The defendant denied the plaintiff's request for expedited processing on March 28, 2005, *id*. ¶ 10, which the plaintiff administratively appealed on April 25, 2005, *id*. ¶ 11. On September 2, 2005, the defendant denied the plaintiff's appeal. *Id*.

The plaintiff filed suit on August 18, 2008, alleging violations of the FOIA, the APA and the DJA. *See generally id*. The defendant filed its two motions to dismiss or, in the alternative, for partial summary judgment on July 31, 2009 and August 21, 2009, respectively. *See generally* Def.'s Mot. to Dismiss or, in the Alternative, for Partial Summ. J. ("Def.'s Mot."); Def.'s 2d Mot. to Dismiss to Dismiss or, in the Alternative, for Partial Summ. J. On September 1, 2009, the plaintiff filed a cross-motion for summary judgment and opposition to the defendant's

---

[2] In resolving the defendant's motions to dismiss, the court treats as true the factual allegations contained in the plaintiff's complaint. *Erby v. United States*, 424 F. Supp. 2d 180, 181 (D.D.C. 2006) (citing *I.T. Consultants v. Pakistan*, 351 F.3d 1184, 1188 (D.C. Cir. 2003)).

motion.  *See generally* Pl.'s Cross-Mot. for Summ. J. & Opp'n to Def.'s Mot. ("Pl.'s Cross-Mot.").  As all motions are fully briefed, the court now turns to the applicable legal standards and the parties' arguments.

## III.  ANALYSIS

### A.  Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)[3]

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'"  *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).  On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

---

[3]  The defendant brings its argument regarding the timeliness of the complaint as part of a Rule 12(b)(6) motion to dismiss.  Def.'s Mot. at 1.  The court notes, however, that "[u]nlike an ordinary statute of limitations," the FOIA statute of limitations, found at 28 U.S.C. § 2401(a), " is a jurisdictional condition attached to the government's waiver of sovereign immunity."  *Spannaus v. Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987).  "[W]hen a party seeks to sue the United States pursuant to a waiver of sovereign immunity, the expiration of the limitations period has traditionally 'been construed as a bar to jurisdiction, and thus a proper subject for a motion to dismiss under Rule 12(b)(1).'"  *W. Va. Highlands Conservancy v. Johnson*, 540 F. Supp. 2d 125, 138 (D.D.C. 2008) (quoting *Gordon v. Nat'l Youth Work Alliance*, 375 F.2d 356, 360 (D.C. Cir. 1982)).  Accordingly, the court applies the legal standard applicable to a Rule 12(b)(1) motion to dismiss.

3

Because subject matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Thus, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). When necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### B. The Plaintiff's FOIA Claims Are Time-Barred

A six-year statute of limitations applies to FOIA claims. *See Spannaus v. Dep't of Justice*, 824 F.2d 52, 56 (D.C. Cir. 1987) (citing 28 U.S.C. § 2401(a)). The defendant proffers that, as the plaintiff's request for records was made in April 2001, the limitations period expired in May 2007. Def.'s Mot. at 7. The plaintiff responds by arguing that the limitations period started anew on March 14, 2005, when he submitted his request for expedited processing to the defendant. Pl.'s Cross-Mot. at 5-6.

Once the plaintiff made his initial request for documents in April 2001, the DIA had twenty days (exclusive of weekends and public holidays) to determine whether to comply with his request. *See* 5 U.S.C. § 552(a)(6)(A)(i). The FOIA provides that "[a]ny person making a request to any agency for records under . . . this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." *Id.* § 552(a)(6)(C)(i). Because the defendant

never substantively responded to the plaintiff's 2001 request, the statute of limitations began to run on May 21, 2001 – twenty business days after the plaintiff made his initial request. *Id*. Although the plaintiff argues that the statute of limitations period started over when he made his 2005 submission to the defendant, he offers no legal authority for his position, *see generally* Pl.'s Mot, and the court is unaware of any case law that would support such a result. Furthermore, the plaintiff's 2005 submission was self-titled, "Request for Expedited FOIA Processing," and the plaintiff focused his comments therein on explaining why his 2001 request should receive expedited consideration. *See* Def.'s Mot., Ex. 1, Attach. C. The fact that the plaintiff now styles his 2005 submission as an "amendment" to his initial 2001 request does not persuade the court to treat it as anything but a request for expedited processing of the initial request. Accordingly, the statute of limitations began to run in May 2001 and expired six years later in May 2007, over a year before the plaintiff commenced this action.

The plaintiff's sole citation to legal authority on this issue appears in a footnote, in which he argues alternatively that the "Defendant cured its original failure to reply to his FOIA request when it denied his April 23, 2001[4] amended request." Pl.'s Cross-Mot. at 6 n.1 (citing *Oglesby v. Dep't of the Army*, 920 F.2d 57 (D.C. Cir. 1990)). "[A]n administrative appeal is mandatory if the agency cures its failure to respond within the statutory period by responding to the FOIA request before suit is filed . . . . But once the agency responds to the FOIA request, the requester must exhaust his administrative remedies before seeking judicial review." *Oglesby*, 920 F.2d at 64-65; *see also Wilbur v. CIA*, 355 F.3d 375, 677 (D.C. Cir. 2004) (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003) (concluding that the FOIA's administrative scheme supports barring judicial review prior to the exhaustion of administrative remedies). Judicial review can

---

4     The court can only assume that when the plaintiff refers to his "amended request," he actually means his "Request for Expedited FOIA Processing," which he submitted on March 14, 2005, *not* his initial request, which he submitted on April 23, 2001.

only occur "*after* the administrative appeal has taken place." *Oglesby*, 920 F.2d at 65. The plaintiff, however, has provided no argument or evidence indicating that he exhausted his administrative appeal options. *See generally* Pl.'s Cross-Mot. Looking to the record, the court notes that the plaintiff did appeal the defendant's decision *not to provide expedited processing*, but nothing in that appeal or the resulting decision addressed the *substance* of the plaintiff's 2001 request. *See* Def.'s Mot, Ex. 1, Attach. F. Accordingly, even if the court were to accept the plaintiff's proposition that the limitations period began anew due to the defendant's denial of the plaintiff's request for expedited review, his claim still fails because he failed to exhaust his administrative remedies with respect to his initial request. *See Oglesby*, 920 F.2d at 65.

**C. The Plaintiff Concedes the Defendant's Motion to Dismiss His APA and DJA Claims**

The defendant argues that the plaintiff cannot maintain a claim under the APA because he has an adequate remedy through the FOIA. Def.'s Mot. at 7. The defendant likewise contends that the plaintiff's DJA claim should fail because it "has not violated FOIA in connection with the plaintiff's request." *Id*. at 8. Although the plaintiff styled his motion as a "cross-motion for summary judgment and . . . *opposition* to defendant's motion for summary judgment," he failed to address either of these arguments. *See generally* Pl.'s Cross-Mot. (emphasis added). Indeed, it was not until the defendant pointed out this defect, *see* Def.'s Combined Opp'n to Pl.'s Cross-Mot. & Reply at 3, that the plaintiff baldly stated, "the Defendant has not made convincing arguments to curtail the Court's jurisdiction under the [APA] and [the DJA]," Pl.'s Reply at 6. Thus, the plaintiff failed entirely to respond to the substance of the defendant's meritorious arguments. Accordingly, the court grants as conceded the defendant's motion to dismiss these claims. *See Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (holding that "when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised

6

by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded").[5]

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant's motions to dismiss, denies as moot the defendant's motions in the alternative for partial summary judgment and denies the plaintiff's cross-motion for summary judgment. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 30th day of March, 2010.

RICARDO M. URBINA<br>
United States District Judge

---

[5]  Furthermore, the plaintiff's APA and DJA claims are predicated on his allegation that he has a viable FOIA claim, which, as explained above, he does not.