# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEREMY BIGWOOD, | : | |
| Plaintiff, | : | Civil Action No.: 08-1431 (RMU) |
| v. | : | Re Document Nos.: 33, 40 |
| DEFENSE INTELLIGENCE AGENCY, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

DENYING THE PLAINTIFF'S MOTION FOR RELIEF UPON RECONSIDERATION;
DENYING THE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

## I. INTRODUCTION

This matter comes before the court on the plaintiff's motion for relief upon reconsideration[1] and his motion for attorney's fees. This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and concerns the defendant's processing of the plaintiff's requests for records relating to Colombian paramilitary leader Carlos Castaño. The court previously granted the defendant's motion to dismiss and dismissed the case. The plaintiff now seeks relief upon reconsideration of that decision and attorney's fees. Because the plaintiff has not articulated a basis for the court to reconsider its opinion dismissing the case, and because the plaintiff is not eligible for attorney's fees, the court denies both motions.

---

[1] Although the plaintiff styles his motion as a "Motion for Reconsideration" and asks that "the Court reconsider its opinion of March 30, 2010," *see* Pl.'s Mot. for Recons. at 3, he cites no specific provision in the Federal Rules of Civil Procedure in support of that request, *see generally id*. Because the plaintiff is seeking the amendment of the court's final order dismissing this case, the court construes his motion as one for relief upon reconsideration pursuant to Federal Rule of Civil Procedure 59(e).

## II. FACTUAL & PROCEDURAL BACKGROUND

On March 30, 2010, the court issued a memorandum opinion wherein it set forth the relevant factual and procedural background in this case. *See* Mem. Op. (Mar. 30, 2010) at 2-3. Briefly, in 2001, the plaintiff submitted a FOIA request to the defendant seeking "any and all records relating to paramilitary leader Carlos Castaño." Compl. ¶ 6. Three years later, the defendant notified the plaintiff that a preliminary search located over 4,000 potentially responsive documents and asked that the plaintiff consider narrowing the scope of his request. Mem. Op. (Mar. 30, 2010) at 2. The plaintiff declined to do so and instead submitted a request for expedited processing, which the defendant denied. *Id.* The plaintiff administratively appealed the defendant's decision, which the defendant denied. *Id.*

Subsequently, the plaintiff filed suit alleging, among other things, violations of the FOIA. *See generally* Compl. The defendant filed two motions to dismiss or, in the alternative, for partial summary judgment. *See generally* Def.'s Mot. to Dismiss or, in the Alternative, for Partial Summ. J.; Def.'s 2d Mot. to Dismiss or, in the Alternative, for Partial Summ. J. On March 30, 2010, the court granted the defendant's motions to dismiss and dismissed the plaintiff's FOIA claim because it was filed outside the FOIA's six-year statute of limitations. *See generally* Mem. Op. (Mar. 30, 2010). The same day that the court granted the defendant's motions and dismissed the case, the plaintiff submitted a new FOIA request to the defendant. *See* Pl.'s Mot. for Recons. at 2. Based on the fact that he submitted a new FOIA request, the plaintiff is asking the court to reconsider its March 30, 2010 ruling dismissing the case. *See generally* Pl.'s Mot. for Recons. The plaintiff also seeks an award of attorney's fees. *See generally* Pl.'s Mot. for Atty's Fees. With the motions now fully briefed, the court turns to the applicable legal standards and the parties' arguments.

## III. ANALYSIS

### A. The Court Denies the Plaintiff's Motion for Relief Upon Reconsideration

#### 1. Legal Standard for a Motion for Relief Upon Reconsideration of a Final Judgment

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment must be filed within twenty-eight days of the entry of the judgment at issue. FED. R. CIV. P. 59(e); *see also Mashpee Wamponoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1098 (D.C. Cir. 2003). While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (*per curiam*); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone*, 76 F.3d at 1208). Moreover, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), or a vehicle for presenting theories or arguments that could have been advanced earlier, *Kattan v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997).

#### 2. The Plaintiff Has Not Demonstrated His Entitlement to Relief Upon Reconsideration

The plaintiff argues that because he submitted a new and substantially identical FOIA request on the date that this court granted the defendant's motion to dismiss for lack of subject matter jurisdiction, the court "has discretion to retain jurisdiction over this action as plaintiff

again exhausts his administrative remedies." Pl.'s Mot. for Recons. at 2. The plaintiff further argues that "the equities favor retaining jurisdiction while the plaintiff exhausts his administrative remedies," after which time the court can grant the plaintiff leave to amend his complaint, because otherwise, the "plaintiff will have to file another lawsuit on the new FOIA request and start all over." *Id.* Finally, the plaintiff argues that the defendant has waived its statute of limitations argument because it has continued releasing documents to the plaintiff. *Id.* at 3.

The defendant counters that the mere fact that the plaintiff filed a new FOIA request does not "establish any basis for reconsideration of the [c]ourt's judgment that [the p]laintiff's original cause of action was time barred."[2] Def.'s Recons. Opp'n at 3. The defendant contends that the plaintiff has not demonstrated that there has been an intervening change of controlling law, that there is recently discovered evidence or that the court's previous ruling was clearly erroneous. *Id.* Finally, the defendant asserts that the plaintiff's argument regarding waiver of the FOIA statute of limitations is a new argument and as it is "not part of the record in this case, it is not a proper subject for a motion for reconsideration." *Id.* at 4.

---

[2] The defendant also contends that to the extent the plaintiff seeks relief under Rule 52(b), he has not met his burden. *See generally* Def.'s Recons. Opp'n. The court concurs. Rule 52(b) "permits the trial court to correct manifest errors of law or fact, make additional findings or take other action that is in the interests of justice." *Material Supply Int'l, Inc. v. Sunmatch Indus. Co.*, 1997 WL 243223, at *2 (D.D.C. May 7, 1997). The plaintiff has offered no argument or evidence suggesting that there is any manifest error of fact or law requiring the court to amend its previous decision. *See generally* Pl.'s Mot. for Recons.; Pl.'s Reply in Support of Recons.; *see also Material Supply Int'l, Inc.* 1997 WL 243223, at *2 (explaining that, under Rule 52(b), the moving party "bears a heavy burden in seeking to demonstrate clear error of manifest injustice in amending the judgment"); *Salazar v. Dist. of Columbia*, 685 F. Supp. 2d 72, 75 (D.D.C. 2010) (noting that Rule 52(b) does not provide a party with a "second opportunity to litigate a point, to present evidence that was available but not previously offered, or to advance new theories by moving to amend a particular finding of fact or conclusion of law").

As discussed in the court's March 30, 2010 memorandum opinion, a six-year statute of limitations applies to FOIA claims. *See Spannaus v. Dep't of Justice*, 824 F.2d 52, 56 (D.C. Cir. 1987) (citing 28 U.S.C. § 2401(a)). This statute of limitations "is a jurisdictional condition attached to the government's waiver of sovereign immunity." *Spannaus*, 824 F.2d at 55. As such, "when a party seeks to sue the United States pursuant to a waiver of sovereign immunity, the expiration of the limitations period has traditionally 'been construed as a bar to jurisdiction.'" *W. Va. Highlands Conservancy v. Johnson*, 540 F. Supp. 2d 125, 138 (D.D.C. 2008) (quoting *Gordon v. Nat'l Youth Work Alliance*, 375 F.2d 356, 360 (D.C. Cir. 1982)).

The court previously dismissed the plaintiff's complaint for lack of jurisdiction because the statute of limitations had expired "over a year before the plaintiff commenced [his] action." Mem. Op. (Mar. 30, 2010) at 5. Because the expiration of the six-year statute of limitations for FOIA claims deprives the court of jurisdiction, and because neither waiver nor equitable tolling can overcome that jurisdictional bar, the plaintiff's argument that the defendant waived its statute of limitations argument by releasing documents to the plaintiff must also fail. *See W. Va. Highlands Conservancy*, 540 F. Supp. 2d at 138 ("[W]hen a statute of limitations has been regarded as jurisdictional, it has acted as an absolute bar that cannot be overcome by the application of judicially recognized exceptions such as waiver, estoppel, equitable tolling, fraudulent concealment, the discovery rule, and the continuing violations doctrine.") (internal quotations omitted).

The plaintiff also argues that the "parties and the court have already expended significant time and resources on this case [such that] the equities favor retaining jurisdiction." Pl.'s Mot. for Recons. at 2. The plaintiff, however, in arguing for reconsideration under Rule 59(e), has not demonstrated or even implied that there has been an intervening change of controlling law, that

new evidence is available or that the court needs to correct a clear legal error or prevent manifest injustice. *See generally* Pl.'s Mot. for Recons.; Pl.'s Reply in Support of Recons.; *see also Dist. of Columbia v. Harvey*, 949 F. Supp. 878, 880 (D.D.C. 1996) (denying the plaintiff's motion for relief upon reconsideration because she did not "argue that the law had changed . . . nor [did] she argue that additional material evidence ha[d] come to light"). Moreover, the court is not aware of any change in the FOIA statute of limitations or the accompanying case law that would provide the court with jurisdiction over time-barred claims against the government. *See Lindell v. Landis Constr. Co.*, 2010 WL 3323809, at *1-2 (D.D.C. Aug. 4, 2010) (finding no reason to reconsider its decision when, among other things, the plaintiff did not identify "any change in law that would compel the Court to revisit its decision"); *Sataki v. Broad. Bd. of Governors*, 2010 WL 2679901, at *24 (D.D.C. Jul. 7, 2010) (denying the plaintiff's motion for reconsideration because there was no "intervening change of controlling law or discovery of new evidence" and no need "to correct a clear error or prevent manifest injustice").

Lastly, the plaintiff cites to a case in which another judge in this district dismissed a plaintiff's FOIA case without prejudice and provided the plaintiff with ninety days to move to amend his complaint. *See* Pl.'s Mot. for Recons. at 2 (citing Order, *Davy v. Cent. Intelligence Agency*, No. 00-2134 (D.D.C. Dec. 15, 2000)). In that case, the plaintiff conceded that the statute of limitations had run. *See* Pl.'s Response to Def.'s Mot. to Dismiss, *Davy*, No. 00-2134 (Dec. 5, 2000). The plaintiff here argues that this court should take similar action and allow him time to exhaust his administrative remedies with respect to his new FOIA request, Pl.'s Mot. for Recons. at 2. Aside from the fact that *Davy* contains no analysis from which this court could ascertain the legal reasoning behind the decision, *see* Order, *Davy*, No. 00-2134 (Dec. 15, 2000), *Davy* is distinguishable because the plaintiff in that case filed a new FOIA request before the

case was dismissed, *see* Pl.'s Response to Def.'s Mot. to Dismiss, *Davy*, No. 00-2134 (Dec. 5, 2000). Accordingly, *Davy* does not persuade the court to revisit its earlier ruling. Thus, for the reasons stated above, the court denies the plaintiff's motion for relief upon reconsideration.[3]

### D. The Court Denies the Plaintiff's Motion for Attorney's Fees

### 1. Legal Standard for Attorneys' Fees and Costs Under FOIA

Under the FOIA, the court may assess "reasonable attorney's fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." *Id.* § 552(a)(4)(E)(i). A prevailing party must demonstrate both eligibility and entitlement for an award of attorney's fees. *Id.* To be "eligible" for an award of attorney's fees, the claimant must have "substantially prevailed" in the underlying FOIA litigation. *Id.* A party substantially prevails if he "has obtained relief through either . . . a judicial order, or an enforceable written agreement or consent decree[,] or . . . a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.* § 552(a)(4)(E)(ii).

Second, the court must determine that the plaintiff is "entitled" to an award of attorney's fees and costs. 5 U.S.C. § 552; *Weisberg v. United States,* 745 F.2d 1476, 1498 (D.C. Cir.1984). In deciding whether a claimant is entitled to an award of attorney's fees and costs, the court generally considers four factors: (1) the public benefit derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) the reasonableness of the agency's withholding of the requested documents. *Id.; see also Tax Analysts v. U.S. Dep't of Justice*, 965 F.2d 1092, 1093-94 (D.C. Cir.1992). "[E]ntitlement is at

---
[3] The plaintiff makes an additional argument in his reply brief premised on Federal Rule of Civil Procedure 60(b). Pl.'s Reply at 2. The court does not consider this argument, however, because it was raised for the first time in the plaintiff's reply. *See Cronin v. Fed. Aviation Admin.*, 73 F.3d 1126, 1134 (D.C. Cir. 1996) (noting that "[i]t is well established that [the] court will not entertain arguments raised for the first time in a party's reply brief").

the discretion of the district court." *Md. Dep't of Human Res. v. Sullivan*, 738 F. Supp. 555, 563 (D.D.C. 1990). Moreover, "[a]n agency cannot foreclose an award of attorneys' fees and costs by complying with a FOIA request during the pendency of litigation." *Id.* at 563 (citing *Cuneo v. Rumsfeld,* 553 F.2d 1360, 1365 (D.C.Cir.1977)).

### 2. The Plaintiff is Not Eligible for an Award of Attorney's Fees

The plaintiff argues that he is eligible for an award of attorney's fees because this litigation was the catalyst for the release of nearly 1,500 records by the defendant and other agencies. Pl.'s Mot. for Atty's Fees at 2-3. The defendant disputes this characterization, explaining that it experienced a backlog of FOIA requests and a shortness of staff and that the release of the documents was unrelated to the plaintiff's lawsuit. *See* Def.'s Atty's Fees Opp'n at 4-10.

To demonstrate that he is eligible to recover attorney's fees, the plaintiff must "prove that prosecution of the action could reasonably be regarded as necessary to obtain the information and that a causal nexus exists between that action and the agency's surrender of that information." *Republic of New Afrika v. Fed. Bureau of Investigation*, 645 F. Supp. 117, 118-19 (D.D.C. 1986) (citations and internal quotation marks omitted). "If rather than the threat of an adverse court order . . . an unavoidable delay accompanied by due diligence in the administrative processes was the actual reason for the agency's failure to respond to a request, then it cannot be said that the complainant substantially prevailed in his suit." *Church of Scientology of Cal. v. Harris*, 653 F.2d 584, 588 (D.C. Cir. 1981).

The defendant explains that it experienced a significant increase in FOIA filings shortly after the plaintiff filed his initial FOIA request and that its backlog eventually reached 3,000

8

requests. Def.'s Opp'n, Supplemental Decl. of Alesia Y. Williams[4] ("Supplemental Williams Decl.") ¶ 6. The plaintiff argues that the fact that the defendant had released no records prior to the filing of his complaint, but did release records subsequently, is proof that the defendant changed its position and decided to release certain documents. Pl.'s Mot. for Atty's Fees at 2. Yet this Circuit has stated that

> [w]hile it is clear that a court order compelling disclosure is not a prerequisite for an award, it is also clear that more than *post hoc, ergo propter hoc* must be shown. An FOIA litigant seeking attorney's fees must show that prosecution of the action could reasonably be regarded as necessary to obtain the information . . . and that a causal nexus exists between that action and the agency's surrender of the information.

*Public Law Educ. Inst. v. U.S. Dep't of Justice*, 744 F.2d 181, 183 (D.C. Cir. 1984).

Here, the defendant has provided a detailed timeline of events leading up to the disclosure of information. *See generally* Supplemental Williams Decl. The defendant conducted its initial search for documents in February 2002 and examined the results from that search in October 2004. *Id*. ¶¶ 9-10. In December 2004, the defendant asked the plaintiff to narrow his request and, when the plaintiff declined to do so, the defendant began a review of the documents in February 2005. *Id*. ¶ 10. In 2005, 2006 and 2008, the defendant sent materials to two of its directorates for review by subject matter experts. *Id*. ¶ 11. Additionally, in 2005 and 2006, the defendant sent referrals to at least ten agencies from which the documents originated. *Id*. ¶ 14.

From this timeline it is clear that the agency expended a considerable amount of time and effort processing the plaintiff's request prior to the filing of his lawsuit in 2008. *See generally id*. The plaintiff does not dispute that his request was broad or that the agency experienced a backlog of FOIA requests. *See generally* Pl.'s Mot. for Atty's Fees; Pl.'s Reply in Support of

---

[4] Alesia Y. Williams is the Chief of the FOIA Services Section at the Defense Intelligence Agency. Williams Decl. ¶ 1.

Atty's Fees. Although the defendant's processing of the plaintiff's FOIA request was extraordinarily delayed, the plaintiff has provided no evidence to suggest that the filing of his lawsuit was the catalyst that caused the defendant to release the documents. *See, e.g.*, *Alliance for Responsible CFC Policy, Inc. v. Costle*, 631 F. Supp. 1469, 1470 (D.D.C. 1986) (explaining that because the plaintiff's FOIA request was "undeniably broad and required searches by several departments within the [agency,] . . . the [agency's] failure to disclose in timely fashion appears to be an unavoidable delay accompanied by due diligence in the administrative processes and not the result of agency intransigence") (internal quotation omitted). Accordingly, the plaintiff has not established a causal nexus between the filing of his complaint and the defendant's release of documents as necessary to establish his eligibility for attorney's fees; therefore, the court denies the plaintiff's motion.

## IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for relief upon reconsideration and denies the plaintiff's motion for attorney's fees. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 22nd day of March, 2011.

RICARDO M. URBINA
United States District Judge